IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WALTER R. DAVIS, III, and )
DIANA M. COKE-DAVIS, )
                      )
        Plaintiffs, )
                      )
      v. )    Civ. No. 21-1713-CFC Superior
                      )    Court of the State of Delaware in
BAC HOME LOANS SERVICING, )    and for Kent County C.A. No.
L.P., et al., )    K21C-11-007 RLG
                      )
       Defendants. )

---

Walter R. Davis, III, and Diana M. Coke-Davis, Dover, Delaware, Pro se
Plaintiffs.

Justin M. Forcier, Esquire, Reed Smith LLP, Wilmington, Delaware.   Counsel for
Defendant BAC Home Loans Servicing, L.P.

Adam J. Waskie, Esquire, McCollom D'Emilio Smith Uebler LLC, Wilmington,
Delaware.   Counsel for Defendant Newrez c/o Shellpoint Mortgage.

**<u>MEMORANDUM OPINION</u>**

September 28, 2022
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiffs Walter R. Davis, III and Diana M. Coke-Davis, who appear *pro se*,

filed this action on November 3, 2021, in the Chancery Court for the State of

Delaware, C.A. No. 2021-0711-PWG.   (*See* D.I. 1-1 at 8).   The action was

transferred *sua sponte* to the Superior Court of the State of Delaware in and for

Kent County, C.A. No. K21C-11-007 RLG.   (D.I. 1-1 at 2, 8-11)   Defendant

BAC Home Loans Servicing, L.P. removed the matter to this Court on December

3, 2021.[1]   (D.I. 1)   Currently pending is BAC's motion to dismiss, opposed by

Plaintiff and BAC's request for the Court to strike Plaintiffs' sur-reply.[2]   (D.I. 8,

9, 10, 11, 12, 13, 14)

## I.     BACKGROUND

The following facts are taken from the Complaint and assumed to be true

for purposes of deciding the pending motion.   *See Umland v. PLANCO Fin.*

*Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).   The Complaint contains ten counts:

Count I, failure to respond to requests for information; Count II, unfair practices

claims under the Fair Debt Collection Practices Act; Count III, failure to cease

---

[1] Bank of America, N.A. is successor by merger to BAC Home Loans Servicing,
L.P.   (D.I. 1 at n.1)
[2] The Court considers Plaintiffs' *pro se* status and will deny the motion to strike
their sur-reply.

collections on disputed debt; Count IV, failure to report debt as disputed to credit reporting bureaus; Count V, fraud and intentional misrepresentation; Count VI, negligent servicing of a loan; Count VII, breach of the implied covenant of good faith and fair dealing; Count VIII, unjust enrichment; Count IX, Civil RICO under 18 U.S.C. § 1962(c); and Count X, RICO conspiracy under 18 U.S.C. § 1962(d). Counts II, V, VII, VIII, IX, and X are directed towards BAC.

On June 13, 2001, Plaintiffs obtained a mortgage from America's Wholesale Lender secured by a 30-year note in the sum of $130,400, Loan No. 7817177 ("7177").   (D.I. 1-1 at 14, 32-56)   Plaintiffs' note was sold to Countrywide Home Loans, Inc. on August 1, 2001, and then to BAC in October 2006.   (*Id.* at 15)   Plaintiffs also obtained a second mortgage on June 13, 2001from America's Wholesale Lender, in the sum of $32,600 that was secured by a 15-year note, Loan No. 1767941 ("7941").   (D.I. 10 at 10; D.I. 10-3 at 2-13)   On October 14, 2006, Loan 7941 was assigned and transferred to Countrywide Home Loans, Inc.   ( D.I. 10 at 2; D.I. 10-2 at 2)   At some point, BAC became the holder and servicer of the Loan 7941.   (D.I. 1-1 at 69, 104)

On May 20, 2010, Plaintiffs signed a loan modification agreement with BAC that amended and supplemented the mortgage, deed of trust or deed to secure debt dated June 13, 2001, in the amount of $165,194.54, Loan No. 7177.   (*Id.* at 84)

3

Plaintiffs' mortgage statements reflected a mortgage balance of $117,237.18 and the modification showed a balance of $168,487.79.   (D.I. 1-1 at 16).   Plaintiffs contacted BAC and were advised that the loan balance had increased since the first mortgage was consolidating with a subordinate (*i.e.*, second) mortgage debt also owned by BAC.   (*Id.*)   Plaintiffs made payments to BAC on the first mortgage, Loan No. 7177, in 2010, 2011, 2012 and 2013.   (D.I. 1-1 at 15-16, at 69)   In 2013, 2017, and 2019, they made payments to BAC on the second mortgage, Loan No. 7941.   (*Id.*)

On April 23, 2013, Plaintiffs were notified that BAC Loan No. 7177 was transferred to Greentree Servicing, LLC.   Plaintiffs contacted BAC to confirm the transfer, and were advised to make the mortgage payments to Greentree.   (D.I. 1-1 at 16, 92)   Plaintiffs made payments to Greentree from May 2013 until the loan was transferred to Ditech Financial, LLC in the beginning of 2016, and they made payments to Ditech until January 2019 when the loan was transferred to NewRez. (D.I. 1-1 at 17, 106).

In February 2018, Plaintiffs received a notice of intent to foreclose from BAC on the second mortgage, Loan No. 7941—i.e., the loan that Plaintiffs were told had been consolidated into the May 2010 loan modification agreement.   (D.I. 1-1 at 18, 97-98)   Plaintiffs attempted to resolve the issue with Ditech, who had

4

no information in its system regarding the loan modification or loan history prior to 2015, and who referred Plaintiffs to BAC.   (*Id.* at 18)   The foreclosure sale was scheduled for April 4, 2019.   Plaintiffs paid the balance of the second mortgage, and a mortgage satisfaction was filed on March 11, 2019.   (*Id.* at 100, 104)

Plaintiffs sought payment history from NewRez, and were provided a loan history statement from October 2015 through August 2020.   (*Id.* at 19-20) Plaintiffs allege they have remained faithful in their obligations under the mortgage note and subsequent modification agreement.   They seek actual or compensatory damages, statutory damages, as well as treble damages, emotional distress damages, and consequential damages.   (*Id.* at 30-31)

BAC moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted.   (D.I. 8, 9)

## II.   LEGAL STANDARDS

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."   *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted).   The complaint must set forth enough

facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

When assessing the merits of a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and it must view those facts in the light most favorable to the plaintiff. *See Umland*, 542 F.3d at 64; *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputed authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Because Plaintiffs proceed *pro se*, their pleading is liberally construed and their Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## III. DISCUSSION

### A.    Count II, Fair Debt Collection Practices Act

Plaintiffs allege that BAC violated the Fair Debt Collection Practices Act, 15

U.S.C. § 1692f[3]  or Section 808 "as a result of $51,425.04 being added to the

principal balance which was originally claimed to be the second mortgage

consolidation."   (D.I. 1-1 at 22-23)   They also allege that all Defendants have

imposed other inappropriate fees and charges in connection with the inflated

balance.   (*Id.* at 23)   BAC moves for dismissal on the grounds that the claim is

time-barred and, in the alternative, that BAC is not a debt collector as defined

under the FDCPA.

"The FDCPA provides a remedy for consumers who have been subjected to

abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v.*

*Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005).   To state a claim

under the FDCPA, a plaintiff must establish that: (1) he is a consumer who was

harmed by violations of the FDCPA; (2) that the debt arose out of a transaction

entered into primarily for personal, family, or household purposes; (3) that the

defendant collecting the debt is a "debt collector," and (4) that the defendant

---

[3] Section 1692f provides that a debt collector may not use unfair or unconscionable
means to collect or attempt to collect any debt.

violated, by act or omission, a provision of the FDCPA. *See Jensen v. Pressler &*
*Presssler*, 791 F.3d 413, 417 (3d Cir. 2015). The FDCPA defines "debt collector"
as "any person who uses any instrumentality of interstate commerce or the mails in
any business the principal purpose of which is the collection of any debts, or who
regularly collects or attempts to collect, directly or indirectly, debts owed or due or
asserted to be owed or due another." 15 U.S.C. § 1692a(6).   This statutory
language focuses "on third party collection agents working for a debt owner—not
on a debt owner seeking to collect debts for itself."   *Henson v. Santander*
*Consumer USA Inc.*, __U.S.__, 137 S. Ct. 1718, 1721 (2017).   A "creditor" is
defined as "any person who offers or extends credit creating a debt or to whom a
debt is owed, but such term does not include any person to the extent that he
receives an assignment or transfer of a debt in default solely for the purpose of
facilitating collection of such debt for another."   15 U.S.C. § 1692a(4).   "[A]n
assignee of an obligation is not a 'debt collector' if the obligation is not in default
at the time of the assignment."   *Pollice v. National Tax Funding, L.P.*, 225 F.3d
379, 403 (3d Cir. 2000).   But "an assignee may be deemed a 'debt collector' if the
obligation is already in default when it is assigned." *Id.*

It is clear from the facts as alleged that BAC is not a debt collector as
defined by the FDCPA.   The statutory definition of a creditor is more aptly

applied to BAC.   Finally, as alleged, it appears the second mortgage debt owed to BAC was not in default when BAC became the servicer and/or holder of the note. Thus, Count II fails to state a claim against BAC.   The Court will not address the statute of limitations issue given that BAC is statutorily exempt from FDCPA liability.   BAC's motion to dismiss Count II will be granted.   Amendment of this claim is futile.

**B.      Count V, Fraud And Intentional Misrepresentation**
**Count VIII, Unjust Enrichment**
**Counts IX and X, Civil Rico, 18 U.S.C. § 1962(c) and § 1962(d)**

Counts V, VIII, IX and X are time-barred.   Count V alleges that BAC made misrepresentations to Plaintiffs and/or their attorney on numerous occasions, as follows: (1) it continued to insist the first and second mortgage were consolidated in the May 2010 loan modification agreement despite ample evidence including a scheduled foreclosure sale due to nonpayment on the second loan post modification; (2) its contradictory and nonsensical statements regarding the loan modification and loan balance; (3) its misreporting of the status and balance history of Plaintiffs' loan to various credit reporting bureaus; and (d) its default on the second mortgage which nearly ended in a foreclosure sale of the property. (D.I. 1-1 at 24-25)   Plaintiffs allege that they justifiably relied on the misrepresentations and were injured as a result of their reliance.

9

Count VIII alleges that "[a]ll Defendants have and continue to repeatedly charge Plaintiffs excess interest on an inflated mortgage balance [*i.e.*, enrichment to Defendants and impoverishment to Plaintiffs, each related to the other] despite the fact that Plaintiffs have remained in constant communication with all Defendants and all Defendants know that Plaintiffs have disputed the inflated mortgage balance, supplied proof and requested loan history information" and that "[a]ll Defendants have benefited from the inflated mortgage balance and increased interest payments."   (D.I. 1-1 at 27-28)

Counts IX and X allege that all Defendants committed RICO violations and conspiracy to commit RICO under 18 U.S.C. §§ 1962(c) and § 1962(d) when they engaged in a pattern of racketeering activity for the unlawful purpose of intentionally defrauding Plaintiffs, committed multiple related acts of collecting debts unlawfully through the use of fraud, either falsely claimed they had rights to the loan or pursued loan collection without filing the required documents in violation of state and federal law, and conspired to commit RICO violations.

BAC moves to dismiss on the grounds that:    (1) the claims in Count V are time-barred, preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and not pleaded with the requisite specificity; (2) the claims in Count VIII are

time-barred and do not state a plausible claim for relief; and, (3) the claims in Counts IX and X are time-barred and fail as a matter of law.

Plaintiffs argue that Count V is not time-barred by reason of equitable tolling. They do not address the issue of whether a portion of the claim is preempted by the FCRA. For Count VIII, Plaintiffs rely upon Maryland law and do not address the statute of limitations issue. For Counts IX and X, Plaintiffs state the claims are not time-barred with no support for their statements and that the claims are adequately pled and will be supplemented with a RICO statement that outlines all predicate acts.

Counts V and VIII are governed by a three-year statute of limitations. *See* 10 Del. C. § 8106; *Silverstein v. Fischer*, 2016 WL 3020858, at *4 (Del. Super. Ct. May 18, 2016) (statute of limitations for fraud is three years.); *Katz v. Maffett*, , 2020 WL 113912, at *2 (Del. Super. Ct. Jan. 9, 2020) (three-year statute of limitations applies to misrepresentation claims); *Ocimum Biosolutions (India) Ltd. v. AstraZeneca UK Ltd.*, 2019 WL 6726836, at *8 (Del. Super. Ct. Dec. 4, 2019), *aff'd*, 247 A.3d 674 (Del. 2021) (statute of limitations for unjust enrichment is three years).

To plead a claim of fraud, plaintiff must show:

1) a false representation, usually one of fact . . . ; 2) the defendant's knowledge or belief that the representation was false, or was made

11

with reckless indifference to the truth; 3) an intent to induce the
plaintiff to act or to refrain from acting; 4) the plaintiff's action or
inaction taken in justifiable reliance upon the representation; and 5)
damage to the plaintiff as a result of such reliance.

*Hauspie v. Stonington Partners, Inc.*, 945 A.2d 584, 586 (Del. 2008) (quoting

*Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992)). A fraud claim accrues

when its elements have been met.   *Lehman Bros. Holdings, Inc. v. Kee*, 268 A.3d

178, 185-86 (Del. 2021).

To state a claim for negligent misrepresentation, a plaintiff must show: (1)

"a particular duty to provide accurate information, based on the plaintiff['s]

pecuniary interest in that information;" (2) "the supplying of false information;"

(3) "failure to exercise reasonable care in obtaining or communicating information;

and" (4) "a pecuniary loss caused by justifiable reliance on the false information."

*H-M Wexford LLC v. Encorp, Inc.*, 832 A.2d 129 N.44 (Del. Ch. 2003).   Under

Delaware law, a claim of negligent misrepresentation accrues on the day the

alleged misrepresentation was made.   *Krahmer v. Christie's Inc.*, 903 A.2d 773,

778 (Del. Ch. 2006).

"The elements of unjust enrichment are: (1) an enrichment, (2) an

impoverishment, (3) a relation between the enrichment and impoverishment, (4)

the absence of justification, and (5) the absence of a remedy provided by law."

*Pulieri v. Boardwalk Properties, LLC*, 2015 WL 691449, at *13 (Del. Ch. Feb. 18,

2015).   An unjust enrichment claim accrues when the wrongful act causing the enrichment and impoverishment occurred.   *Pulieri v. Boardwalk Properties, LLC,* 2015 WL 691449, at \*13; *Lehman Bros. Holdings, Inc. v. Kee,* 268 A.3d at 185-86.

Plaintiffs' allegations of fraud, misrepresentation, and unjust enrichment claims against BAC relate to information given to them by BAC prior to the execution of the May 20, 2010 loan modification agreement that their first mortgage, Loan No. 7177, was consolidated with the subordinate or second mortgage, Loan No. 7941.   The loan modification agreement referred to only the first mortgage, with no reference to the second mortgage.   Exhibits Plaintiffs submitted indicate they made payments to BAC on the first mortgage in 2010, 2011, 2012, and 2013.   Their exhibits indicate that they made payments on the second mortgage in 2013, 2017, and 2018.   On February 5, 2018, BAC notified Plaintiffs of its intent to foreclose on the second mortgage, Loan No. 7941 and, once notified, Plaintiffs satisfied the second mortgage.   If Plaintiffs were not aware that the second mortgage had not been consolidated with the first mortgage in May 2010, the pleadings reflect that they were aware of it in early February 2018 when they received the intent to foreclose.

The fraud, misrepresentation, and unjust enrichment claims accrued either in May 2010 or February 2018.   Using either date, since the Complaint was filed on

13

November 3, 2021, it was filed beyond the three-year statute of limitations period

and therefore was untimely.   Accordingly, the Court will grant BAC's motion to

dismiss Counts V and VIII, the fraud, intentional misrepresentation, and unjust

enrichment claims as time-barred.[4]

The RICO claims in Counts IX and X are subject to a four-year statute of

limitations. *See Matthews v. Kidder, Peabody, & Co.*, 260 F.3d 239, 244-45 (3d

Cir. 2001).   For RICO claims, the statute of limitations begins to run when the

plaintiff knew or should have known of his or her injuries.   *See Hawk Mountain*

*LLC v. RAM Capital Group LLC*, 689 F. App'x 703, 706 (3d Cir. 2017).   The

---

[4] Even were the claims not time-barred, they fail to state claims upon which relief
can be granted.   Section 1681t(b)(1)(F) of the FCRA preempts Plaintiffs' state
common law claim that BAC misreported the status and balance history of
Plaintiffs' loan to various credit reporting bureaus, and the Complaint fails to
adequately allege the fraud, misrepresentation, or unjust enrichment claims as it
contains conclusory assertions of misrepresentations and reliance which are
insufficient under *Twombly* and *Iqbal.*   *See United States v. Eastwick Coll.*, 657 F.
App'x 89, 93 (3d Cir. 2016). (To satisfy the fraud pleading standard, the complaint
"must provide all of the essential factual background that would accompany the
first paragraph of any newspaper story—that is, the who, what, when, where, and
how of the events at issue."); *Chalal v. Wells Fargo Asset Sec. Corp.*, 2018 WL
11099082, at *1 n.2 (E.D. Pa. May 7, 2018) (finding the "plaintiffs' pleading of
justifiable reliance . . . implausible" and dismissing claim where plaintiffs provided
one conclusory allegation that bank representative misrepresented the terms of the
loan modification program but that allegation was undermined by the plaintiffs'
mortgage and the parties' mortgage loan modification agreement); *Hydrogen*
*Master Rights, Ltd. v. Weston,* 228 F. Supp. 3d 320, 337 (D. Del. 2017) (holding
that Complaint's vague and conclusory allegations were insufficient to state a
claim for unjust enrichment).

RICO claims revolve around the May 2010 loan modification agreement and, therefore, are barred by the four-year limitation period.

Even were the claims not time-barred, Counts IX and X fail to state claims upon which relief can be granted.   To advance a civil claim under 18 U.S.C. § 1962(c) (*i.e.*, Count IX) Plaintiffs must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U .S. 479 (1985)).   A "pattern of racketeering activity" requires at least two "predicate acts," such as mail or wire fraud. *Id.*; 18 U.S.C. § 1961(1),(5).

Conspiracy liability under § 1962(d) (*i.e.*, Count X) is governed by the "general principles of criminal conspiracy law" which requires only that the defendant "share[s] a common purpose" with his co-conspirators and "knowingly agrees to facilitate a scheme, which includes the operation or management of a RICO enterprise." *Dongelewicz v. PNC Bank Nat'l Ass'n*, 104 F. App'x 811, 818 (3d Cir. 2004) (quoting *Smith v. Berg*, 247 F.3d 532, 538 (3d Cir. 2001)).

Counts IX and X are pled in a conclusory manner and merely recite the elements of each claim without the requisite supporting facts.   Also, the claims fail to allege predicate acts as required to state a RICO claim.   Accordingly, the Court will grant BAC's motion to dismiss Counts IX and X.   Amendment of

15

Counts IX and X is futile.

     **C.    Count VII, Breach of Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs allege that all defendants breached the covenant of good faith and fair dealing by: continually claiming an inflated balance on Plaintiff's mortgage; continually charging interest, fees, and expenses on an inflated mortgage balance despite substantial evidence to the contrary; failing to apply all payments received from Plaintiffs to the correct principal balance; continually misreporting balances owed by Plaintiffs to the credit bureaus; and nearly costing Plaintiffs their home in a foreclosure of an underlying debt that Plaintiffs were assured by BAC had been paid off as a result of the May 2010 loan modification agreement.   (D.I. 1-1 at 26-27)

BAC moves for dismissal on the grounds that Count VII fails to state a plausible claim for relief.   Plaintiffs argue that they bring claims specific to the handling of their mortgage account, payments, credit reporting and accounting and that consumers should not have to question the validity of their mortgage accounts.

"To state a claim for breach of the implied covenant of good faith and fair dealing, [a plaintiff] must allege (1) a specific implied contractual obligation; (2) a breach of the obligation by the defendant; and (3) resulting damage to the plaintiff." *O'Neill v. AFS Holdings, LLC*, 2014 WL 626031, at *4 (Del. Super. Ct.

Jan. 15, 2014) (quoting *Fitzgerald v. Cantor*, 1998 WL 842316, at * 1 (Del. Ch. Nov. 10, 1998)). The implied covenant has a "narrow purpose" and is "only rarely invoked successfully." *O'Neill*, 2014 WL 626031, at *4.   It is a doctrine "by which Delaware law cautiously supplies terms to fill gaps in the express provisions of a specific agreement." *Allen v. El Paso Pipeline GP Co., LLC*, 113 A.3d 167, 179–84 (Del. Ch. 2014).

Plaintiffs mortgages were subject to the terms of the first mortgage secured by a 30-year note, the second mortgage secured by a 15-year note, and the loan modification agreement, none of which are identified or referred to by Plaintiffs. Notably, the Complaint fails to specify the implied contractual obligation that BAC breached and does not identify any gap in the terms of the mortgages, notes, and loan modification that can be filled through an implied obligation.   Plaintiffs cannot reply on the implied covenant to change the express terms of the mortgages, notes, and loan modification agreement.   Accordingly, the Court will grant BAC's motion to dismiss Count VII.   Amendment of Count VII is futile.

## IV.   CONCLUSION

For the reasons discussed above, the Court will:   (1) grant BAC Home Loans Servicing, L.P.'s motion to dismiss (D.I. 10) and, (2) deny the motion to

strike Plaintiffs' sur-reply (D.I. 14).   The Court finds amendment futile as to the claims raised against BAC in Counts II, V, VII, VIII, IX, and X.

The Court will enter an order consistent with this Memorandum Opinion.